OTSEGO COUNTY.—HON. A. C. TENNANT, SURROGATE.—May, 1884.

KENYON v. TALBOT.

*In the matter of the disposition of the real property of LEANDER J. WING, deceased, for the payment of his debts.*

Code Civ. Pro., § 2793, prescribing the order of distribution of the proceeds of a sale, etc., of a decedent's real property, for the payment of his debts, applies as well to a case where all his real property has been disposed of, as to one where only a part is affected.

Under subd. 7 and 8 of that section, debts established and recited in the first decree are entitled to a preference, in payment, over those established by the supplementary decree, although all the real property has been sold, and the proceeds of sale do not suffice to pay the former class of debts in full.

THIS was a special proceeding, instituted by the administrators of decedent's estate, to procure a decree directing his real property to be disposed of for the payment of his debts. Newell N. Talbot and other creditors proved debts recited in the first decree. Further facts are stated in the opinion.

H. W. AYLESWORTH, *for administrators.*

H. STURGIS, *for Kenyon and Bassett, creditors.*

THE SURROGATE.—This is a proceeding, under title 5 of chapter 18 of the Code of Civil Procedure, for the disposition of the real property of Leander J. Wing, a decedent, for the payment of his debts. The only

question here presented arises upon the distribution of the proceeds of the sale. Upon the first hearing, numerous creditors of the estate of said decedent appeared before the Surrogate and established their debts, which were recited in the first decree herein, bearing date December 24th, 1883. The amount of such debts, without including those afterwards by leave of the court proven as upon said first hearing, is $5,181.73. The Surrogate, in and by said first decree, directed all of the real property of which the said decedent died seized to be sold for the purpose of paying the said debts established and recited therein.

All of the real property of said decedent was sold on February 16th, 1884, for the sum of $1,750, which has been paid into this court. At the time and place designated in the notice of distribution of said proceeds, which was published pursuant to § 2787, Gideon Kenyon and H. D. Bassett, creditors of the estate, appeared and established their debts under § 2788, and the same as established were recited in the supplementary decree then made and entered.

It will be observed that the proceeds of the sale of the decedent's real property are insufficient to pay in full the debts established upon the first hearing, and recited in the first decree. The creditors, Kenyon and Bassett, whose debts were established by the supplementary decree, insist that the creditors whose debts are recited in the first decree have no preference over them, but that all the creditors of the estate who have established their demands, whether recited in the first or in the supplementary decree, are entitled to share *pro rata* in the proceeds of decedent's real estate.

Their learned counsel argues that, by a proper construction of the Code, the debts established and recited in the first decree are not preferred over those proven after the sale and enumerated in the supplementary decree, except where only a part of the decedent's real property is sold under the first decree; and that § 2793, subd. 7 and 8, have no reference to a case like the one at bar, where all of the decedent's real property has been sold, and the proceeds thereof are insufficient to pay even the debts established upon the first hearing.

The contention, therefore, involves a construction of § 2793 of the Code of Civil Procedure. I have been unable to find any adjudication upon this question, and hence must base my opinion upon the verbiage of the section, in the light of the other sections applicable to these proceedings. Manifestly § 2793 applies as well to the distribution of the proceeds where the whole of decedent's real property has been sold as a part. The language is: "Money paid into the Surrogate's court as prescribed in this title must be distributed by the supplementary decree in the following order;" obviously designed to cover every case, admitting of no limitation or exception whatever. This section requires, in positive, and as I think unequivocal language, the debts established and recited in the first decree to be paid in full, before any of the proceeds can be applied in liquidation of those established by the supplementary decree, After directing, in a specified order, certain sums to be paid from the proceeds, subdivision 7 provides: "Out of the remainder must be paid in full the other debts, which were established and recited in the first decree, and were not rejected upon the second hearing." The

next subdivision (8) reads as follows: "Out of the remainder of the money, must be paid, in like manner, the debts first established by the supplementary decree or so much thereof as the remainder will pay."

A careful examination of the various sections relating to these proceedings, and of Mr. Throop's notes thereto, discloses the fact that the creditors who prove their debts upon the first hearing are, as a class, preferred in the distribution of the proceeds, over those whose debts are established by the supplementary decree after the sale. One of the facts necessary to be proven for granting the original or first decree is that the personal property of the decedent is insufficient for the payment of the debts as established thereby (subd. 5, § 2759). This decree is made with reference to, and for the purpose of paying, the debts and funeral expenses of the decedent *as established in the decree*" (§ 2761). Section 2765, as to the form of the decree, provides that it "must direct that a mortgage, lease or sale thereof, *for the purpose* of paying the debts or funeral expenses *established by the decree*, be made," etc.

Where the executor or administrator fails to give the bond required by § 2766, the Surrogate must appoint a disinterested freeholder to execute the decree, giving "preference to a competent person nominated *by the creditors whose debts have been established*, or a majority of them in number and amount" (§ 2767).

Mr. Throop, in his notes to § 2793, states that subd. 7 was taken from §§ 38, 39 and 73 of the Revised Statutes, without material change, except by the addition of the words which connect the provision with subd. 8, and by the insertion of the provision referring to the

order of preference among creditors. He further says that subd. 8 is new, and applies to creditors who come in after the sale as provided by § 2788. He insists that the regulation "rests upon plain principles of justice, especially in view of the amendments to the preceding sections, giving to any creditor the right to institute original proceedings; of his right, which the amendments preserve, to come in at any time before decree when proceedings have been instituted by another creditor; of the great publicity required at every step before the decree; and of the embarrassments which will result from debts subsequently proved, if there is any deficiency. Under such circumstances creditors who neglect to come in till after the decree should be postponed, even where no other property remains, to those who have been diligent to prove their debts in season, and have perhaps borne the expense and labor of the proceedings" (Throop's notes to § 2793).

It seems to me that this note of the commissioners, aside from the express language of the section itself, very clearly indicates that a preference to the creditors proving their claims upon the first hearing, over those established by the supplementary decree, was intended.

I have, therefore, arrived at the conclusion in this case—the proceeds to be distributed being insufficient after the payment of the expenses and costs of this proceeding, the dower interest of the widow, etc., to satisfy in full the debts established and recited in the first decree—that the creditors who proved their debts after the sale, and are set forth in the supplementary decree, are not entitled to share in the distribution of said proceeds.